JOSIAH COLE *v.* C. J. LOVENSKIOLD.

When the price of property was paid in cash, with money borrowed by the purchaser, but at the same time the purchaser executed his note for the amount to the order of the vendor, and consented, in the act of sale, to a mortgage upon the property, in favor of the vendor, or any *bona fide* holder of the note, the transaction cannot be considered simulated, and the lender of the money, as holder of the note, will be protected in his right of mortgage.

APPEAL from the District Court of Jefferson, *Burthe*, J.

*H. C. Miller*, for plaintiff.  *A. W. Jordan*, for defendant and appellant.

LEA, J.  The plaintiff, who is a judgment creditor of *C. G. Lovenskiold*, with a right of mortgage upon certain property in the parish of Jefferson, caused the same to be seized and sold under execution, at a credit of twelve months, for $790.  *Mrs. Weicke*, being the holder of a note secured by a mortgage upon the same property, of a prior date and registry, has been made a defendant in a rule taken herein upon her by the plaintiff to show cause why the twelve months' bond should not be executed in favor of the plaintiff for the full amount of his claims, on the ground that the mortgage stipulated in her favor by the act referred to was simulated and false, never having any real existence.

All objections to the form of the proceeding having been waived, there was judgment decreeing that the rule be made absolute, in accordance with the prayer of the plaintiff.

It appears from the evidence that *Lovenskiold*, being anxious to purchase the property which is subject to the conflicting mortgages in this case, borrowed the money from one *Frederick Weicke*, with the understanding that its reimbursement should be secured by a mortgage upon the property purchased.  As between the purchaser and *Kuntz*, the vendor, it was agreed that the price should be paid in cash, (as in fact it was, with the money furnished by *Weicke*,) but the form given to the transaction was intended to subserve the double purpose of a sale and a mortgage.  The consideration of the sale was, therefore, represented by a note payable in one year, secured by mortgage upon the property sold, in favor of the *vendor or of any bona fide holder of the note.*

The act of sale thus drawn was signed by *Kuntz*, the vendor, with a full knowledge of its contents.  The giving of the note, the signing of the act, and the payment of the money, were all done at one time, *Kuntz*, *Lovenskiold* and *Weicke* being all present.  Under the circumstances, we do not think the transaction can be considered as simulated.  There was an actual loan made by *Weicke*, for which a note was given.

It was the intention of the parties that the loan so made should be secured by a mortgage.  The note thus secured was identified with the act of sale. *Kuntz* himself accepted of the mortgage, being, it is true, the nominal mortgagee; but the transaction itself was really what it purported to be, so far as the mortgage is concerned, and although *Kuntz* did not make a manual transfer of the note to *Weicke*, he must, under the circumstances, be considered as having assented thereto.  The mortgage is made in favor of any *bona fide* holder of the note.  It cannot be disputed that *Weicke* was a holder in good faith, as he advanced the money which was paid as the price of the property.

The defendant, in our opinion, presents an equitable claim based upon a real transaction, entered into in good faith, carried out in due form of law, and having all the essential ingredients of a valid contract of mortgage.

We think the defendant is entitled to a judgment in her favor.

It is ordered, that the judgment appealed from be reversed; that upon the rule taken herein there be judgment for the defendant, *Mrs. Weicke*, in her capacity of administratrix of the succession of her deceased husband, *F. Weicke*, and that the proceeds of the sale of the property referred to in the rule be appropriated to the payment of the note held by her and secured by mortgage upon the said property; it is further ordered that the appellee pay costs in both courts.